UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Orion
Bank of Naples, Florida

        Plaintiff,

v.                                  Case No: 2:13-cv-208-FtM-38UAM

NASON YEAGER GERSON WHITE
& LIOCE, P.A., ALAN I. ARMOUR, III
and RYAN P. AIELLO,

        Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Defendants' Motion to Stay Discovery and Action (Doc. #29) filed on June 13, 2013. Plaintiff's Opposition (Doc. #31) was filed on July 1, 2013. Defendants move for a stay of discovery in this matter as they have filed a dispositive motion to transfer or in the alternative motion to dismiss.

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

F.R.D. 348 (S.D.N.Y. 1985)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Id. (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)). "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C. Cir. 1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id. In this case, the Defendants contend that going forward with discovery would waste the resources of the litigants.

In this case, the Court has weighed the harm produced by delaying discovery against the possibility that the motion will be granted and finds that it is appropriate in this case to deny a stay of discovery at this time.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Stay Discovery and Action (Doc. #29) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of July, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record