UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Orion Bank of Naples, Florida

    Plaintiff,

v.                                         Case No:   2:13-cv-208-FtM-38CM

NASON YEAGER GERSON
WHITE & LIOCE, P.A., ALAN I.
ARMOUR, III and RYAN P.
AIELLO,

    Defendants.
_____

## ORDER

This matter comes before the Court upon review of Defendants' Motion for Leave to Take Additional Depositions (Doc. 102), filed on February 6, 2014. By their Motion, Defendants seek leave to take a total of twenty (20) depositions in this case. Plaintiff filed its Response in Opposition to Defendants' Motion for Leave to Take Additional Depositions (Doc. 105), and the matter is now fully briefed and ripe for review. For the reasons stated herein, the Motion is due to be denied.

At the time Defendants' Motion was filed, they had already deposed five individuals, identified by Defendants as "key fact witnesses": John Greeley, Thomas Hebble, Daniel Marzano, David Sweeney, and Carla Pollard. Doc. 102 at 2. Defendants had also noticed two additional depositions, those of Michael Basile and Plaintiff's Corporate Representative, bringing their total number of depositions to seven. *Id.* Defendants represent that additional depositions are necessary since

they seek to depose Gregory Barr, James Aultman, Earl Holland, Brian Schmitt, Alan Pratt, Angel Guerzon, Jerry Williams,[1] Wayne Green, Francesco Mileto, and the FDIC, which would increase the total number of depositions to sixteen, and stated they "may also take" depositions of Jennifer Brancaccio and Jeremy Womack, "as well as unidentified persons with firsthand knowledge of the events that transpired." *Id.* Defendants contend there exist "overwhelming grounds" for the Court to grant leave to take more than the allotted ten depositions. *Id.*

In support of their Motion, Defendants claim that former bank employees are "the most convenient, least burdensome and least expensive sources to obtain factual information" related to the bank's policies and financial status, as well as other information related to the events giving rise to the instant action. Doc. 102 at 3-4. Defendants further identify that "the evidence sought from the intended witnesses is not yet on the record, so the initial testimony . . . would not be cumulative[,]" and is necessary "in order to prepare their case for trial and ascertain which specific witnesses should be called at trial" *Id.* at 4. Specifically, Defendants argue the additional depositions are needed because the testimony will help "ascertain how the Bank specifically engaged in bank fraud and concealed same from Defendants." *Id.*

Defendants further note that the additional depositions are material, as some individuals they seek leave to depose have been identified as Fabre defendants in this case, while others range from convicted co-conspirators to loan officers and borrowers.

---

[1] Former Orion Bank CEO Jerry Williams is the subject of Defendants' Unopposed Motion for Leave to Depose Federal Inmate (Doc. 106), which was granted by separate Order (Doc. 110).

*Id.* at 5-6. An inability to take the additional depositions, Defendants contend, would "significantly hinder[ ]" their ability to prepare for trial and result in unfair prejudice because the additional depositions are "key to obtaining testimonial evidence that will disprove Plaintiff's claims of liability and alleged damages in excess of $31,000,000[,]" and will result in no unfair prejudice to Plaintiff. *Id.* at 6.

In opposition, Plaintiff argues that Defendants have a history of abusing the discovery process and attempting to expand the scope of this litigation beyond the "narrow issue of whether the Defendants breached their fiduciary and professional duties to the Bank by improperly closing two sets of loan transactions on June 29, 2009." Doc. 105 at 1-2. Specifically, Plaintiff opposes the instant Motion as premature, noting that Defendants have not taken or noticed all of their allotted depositions as of the date their Motion was filed, and have not made a particularized showing that additional depositions are necessary because they have neither justified the necessity of the depositions already taken or noticed, nor sufficiently shown the need for the testimony of each additional deponent. *Id.* at 5-11. Plaintiff also claims the factors set forth in Rule 26(b)(2), Federal Rules of Civil Procedure, weigh against granting leave, because the additional depositions are cumulative and duplicative of prior discovery, the benefit of additional depositions is outweighed by their cost, and the same information sought from the additional depositions is available from less burdensome sources. *Id.* at 11-14.

Rule 30(a)(2)(A)(i), Federal Rules of Civil Procedure, requires that a party obtain leave of court to take in excess of ten depositions, absent stipulation by the

parties. When determining whether leave to take additional depositions is warranted, the Court must consider the factors outlined in Rule 26(b)(2), Federal Rules of Civil Procedure. Specifically, the Court is directed to *limit* discovery if it determines that

> the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii).

The party seeking leave to take additional depositions must also justify the necessity of the depositions previously taken without leave of court. *See AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551, 2010 WL 4116555, *16 (S.D.Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A), Fed.R.Civ.P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition previously taken without leave of court."); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 3003914, *2 (S.D.Fla. July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D.Tex. 2001)).


Motions for leave to take additional depositions filed before a party has exhausted its presumptive ten depositions have been found to be premature by courts in this District. *See, e.g., Cutugno v. Second Chance Jai Alai LLC*, No. 5:11-cv-113-Oc-34PRL, 2012 U.S. Dist. LEXIS 144557, *3 (M.D.Fla. Oct. 5, 2012) ("At best, Plaintiff's request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative."). In this case, Defendants had taken only five depositions and noticed two others as of the date they filed the instant motion. Accordingly, the motion is premature.

The Court notes that Defendants' position in the instant motion is consistent with information in the parties' Case Management Report, which states that "[t]he defendants believe that it will likely be necessary to conduct at least 15 depositions per side, though the plaintiff believes no more than 10 depositions per side will be necessary." Doc. 19 at 6. Though the Motion is due to be denied at this time, the discovery deadline in this case is not until July 1, 2014 (Doc. 25 at 1), providing ample time during which Defendants may notice and complete their remaining depositions and, if necessary, refile their motion in accordance with Rules 26 and 30, Federal Rules of Civil Procedure.[2]

---

[2] Moreover, though Defendants seek leave to take a total of twenty depositions, they only identify sixteen deposition subjects in their motion. Doc. 102 at 2. The Court would not be inclined to grant depositions in excess of those identified as necessary with specificity. *See Donohoe v. Bonneville Int'l Corp.*, 602 F.Supp.2d 1, 4 (D.D.C. 2009) ("To the extent

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Motion for Leave to Take Additional Depositions (Doc. 102) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record

---

Donohoe's renewed motion sought leave to take additional depositions without identifying the proposed deponents, making it impossible to assess the propriety of granting leave under Rule 26(b)(2), there was no error committed in denying such a vague request.").