UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Orion Bank of Naples, Florida

      Plaintiff,

v.                                  Case No:   2:13-cv-208-FtM-38CM

NASON YEAGER GERSON
WHITE & LIOCE, P.A., ALAN I.
ARMOUR, III and RYAN P.
AIELLO,

      Defendants.

_____

## ORDER

    Before the Court is the parties' Joint Motion to Extend Deadlines to Permit Parties to Finalize Settlement Agreement ("Joint Motion") (Doc. 124), filed on May 23, 2014.   By the Motion, the parties are requesting that the Court extend the deadlines for disclosing expert reports, completing discovery and filing dispositive, *Daubert* and *Markman* motions.   Doc. 124 at 1.   In support of the Motion, the parties note that Plaintiff filed a Notice of Settlement in Principle (Doc. 122) on May 2, 2014 to inform the Court that the parties had accepted the mediator's proposal and would continue to finalize the details of the settlement agreement.   Doc. 124 at 2; *see* Doc. 122.   Thus, the parties state that, "[g]iven that this litigation has already

been resolved in principle, it would be wasteful for the Parties to file expert disclosures and reports."[1]   Doc. 124 at 2.   The Court agrees.

Rule 1, Federal Rules of Civil Procedure, provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."   Fed. R. Civ. P. 1.   The Middle District of Florida Local Rules, which "are intended to supplement and complement the Federal Rules of Civil Procedure" and other federal rules and statutes, similarly provide:

> They shall be applied, construed and enforced to avoid inconsistency with other governing statutes and rules of court, and shall be employed to provide fairness and simplicity in procedure, to avoid technical and unjustified delay, and to secure just, expeditious and inexpensive determination of all proceedings.

M.D. Fla. R. 1.01(b).   The Court may also extend any deadline for "good cause."   Fed. R. Civ. P. 6(b)(1).   Extending the deadlines in this case may enable the parties to avoid incurring additional and unnecessary expenses.

Therefore, in light of the goals of the Federal and Local Rules and the parties' continued efforts to finalize a settlement this case, the Court finds good cause to grant the Joint Motion and will extend the deadlines as follows:

---

[1] The parties seek extension of the additional deadlines to complete discovery and for filing dispositive, *Daubert* and *Markman* motions "out of an abundance of caution."   Doc. 124 at 2 n.1.

| Disclosure of Expert Reports<br>Plaintiff:<br>Defendants: | June 13, 2014<br>July 15, 2014 |
|---|---|
| Discovery Deadline | August 14, 2014 |
| Dispositive Motions, *Daubert* and *Markman* Motions | August 22, 2014 |

The Court will deny as moot Plaintiff's prior motions to extend the deadlines for expert disclosures (Docs. 120, 121).[2]

Because the Court is also extending the deadline by which to complete discovery, and in light of Plaintiff's Notice of Settlement in Principle, the Court will deny without prejudice Plaintiff FDIC-R's Motion to Compel Defendants to Properly Respond to the FDIC-R's First Sets of Interrogatories and Requests for Production ("Motion to Compel") (Doc. 104).   Plaintiff may file a renewed Motion to Compel if the parties are unable to finalize settlement.[3]

---

[2] Both motions were filed on April 30, 2014.   Upon review, it appears that Plaintiff filed its Amended Motion to Extend Deadlines to Disclose Expert Reports Due to Pending May 9, 2014 Deadline to Respond to Mediator Howard Tescher's Proposal for Settlement (Doc. 121) to correct an incorrect date within Plaintiff's Motion to Extend Deadlines to Disclose Expert Reports Due to Pending May 9, 2014 Deadline to Respond to Mediator Howard Tescher's Proposal for Settlement (Doc. 120).

[3] The parties request that the deadline to complete discovery be extended "for the limited purpose of conducting expert depositions."   Doc. 124 at 1.   The Court will also permit the renewal of the Motion to Compel prior to the expiration of the extended deadline if the parties are unable to finalize settlement.   The parties should meet and confer again as required by Local Rule 3.01(g) before filing a renewed Motion to Compel.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Joint Motion to Extend Deadlines to Permit Parties to Finalize Settlement Agreement (Doc. 124) is **GRANTED** as set forth above.  The Clerk is directed to update the deadlines accordingly.

2.      Plaintiff's Motion to Extend Deadlines to Disclose Expert Reports Due to Pending May 9, 2014 Deadline to Respond to Mediator Howard Tescher's Proposal for Settlement (Doc. 120) is **DENIED AS MOOT**.

3.      Plaintiff's Amended Motion to Extend Deadlines to Disclose Expert Reports Due to Pending May 9, 2014 Deadline to Respond to Mediator Howard Tescher's Proposal for Settlement (Doc. 121) is **DENIED AS MOOT**.

4.      Plaintiff FDIC-R's Motion to Compel Defendants to Properly Respond to the FDIC-R's First Sets of Interrogatories and Requests for Production (Doc. 104) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record